(12 Misc. Rep. 114.)

ROUSE et al. v. PRINTERS' EXCHANGE CO.

(Common Pleas of New York City and County, General Term.    April 1, 1895.)

1. TRIAL—TAKING CASE FROM JURY.
    Where no motion to dismiss the complaint is made at the close of the case, it is thereby conceded that there was a question of fact.

2. CONTRACTS—RESCISSION.
    Where a buyer of goods on inspection declares that they are not according to the contract, and the seller thereupon offers to make them satisfactory, the buyer cannot reject such offer and rescind the contract.    Per Pryor, J.

Appeal from district court.

Action by Isaac Rouse and another against the Printers' Exchange Company.    From a judgment in favor of plaintiffs for $70.50, damages and costs, defendant appeals.    Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Hector M. Hitchings, for appellant.

Abraham Levy, for respondents.

DALY, C. J.    The plaintiffs sued to recover $53,—$50, a deposit in advance on the purchase price of a printers' outfit, consisting of second-hand materials, which defendant agreed to deliver on

May 10th; and $3 deposited for cartage. On the day appointed for delivery, as well as the day before, the plaintiffs went to the defendant's place of business, saw the type which defendant proposed to deliver, or some part of it, and found that it was in poor condition and defective, and objected to it; and defendant made no offer to deliver suitable articles. Next day plaintiffs demanded back their deposit, which was refused. The defendant offered evidence showing that the type was in good condition and suitable, and that when complaint was made defendant offered, if anything was wrong, to give other things. Plaintiffs' evidence was that defendant promised to make everything satisfactory, but that this was on the Monday prior to the day of delivery. There was, therefore, a conflict of evidence as to whether the defendant was ready to deliver suitable goods when called for by the contract, or offer to make such delivery after complaint. On the issues thus presented the justice found for the plaintiffs, and his decision upon the evidence should not be disturbed. It is claimed that plaintiffs' refusal to accept was in bad faith, they having meanwhile got a better bargain elsewhere; but there was a conflict of evidence upon the facts with regard to that contention. There was no motion to dismiss the complaint at the close of the case, which was thereby conceded to present a question of fact for the decision of the justice. No exceptions are presented by the record. The judgment should be affirmed, with costs.

BISCHOFF, J., concurs.

PRYOR, J. (dissenting). The action purports to be for the recovery of money paid upon a rescinded contract. The evidence for plaintiffs authorizes these inferences of fact: That the parties entered into an executory agreement, whereby the defendant engaged to furnish plaintiffs a printers' outfit, complete and satisfactory; that on concluding the bargain the plaintiffs paid down $53; that thereafter the plaintiffs examined the outfit proposed to be supplied by defendant, and found it unsatisfactory; that thereupon plaintiffs revoked the contract, and demanded the return of the cash payment. So far the case for the plaintiffs is clear enough, but I find in the record a fact which is fatal to their contention. By the testimony of Isaac Rouse himself it appears that when, on inspection of the outfit proposed to be furnished by the defendant, he declared his dissatisfaction with it, the defendant offered to make it satisfactory. The offer was rejected, and plaintiffs proceeded to provide themselves elsewhere. Upon what principle may plaintiffs affect to rescind a contract which the defendant offered faithfully to perform? I know of none. After repudiation of the contract by the plaintiffs, the defendant was under no obligation to tender delivery. The plaintiffs were too impatient to escape from their bargain to await a default by the defendant. But until such default they could not rescind, and until a rescission of the contract they cannot recover the money paid. The judgment should be reversed.